**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL CARTER, <br><br> Plaintiff, <br><br> v. <br><br> MARC HODGE, <br><br> Defendant. | Case No. 10 C 3783 <br><br> Hon. Harry D. Leinenweber |

**MEMORANDUM OPINION AND ORDER**

Before the Court are several motions filed by Petitioner Michael Carter (hereinafter, "Carter" or "Petitioner") subsequent to this Court denying his petition for *habeas corpus*. Specifically, Petitioner filed: (1) a Motion for Leave to Appeal *in forma pauperis;* (2) a Motion for Appointment of Counsel; (3) a "Motion for Appearance"; (4) a Motion for a Certificate of Appealability; and (5) a "Motion for Transcripts of Proceedings."

For the reasons stated herein, Carter's Motion to proceed *in forma pauperis* on his appeal is granted, and the remaining Motions are denied.

**I. BACKGROUND**

As the Court has already discussed the background of this matter extensively in its February 9, 2011 Memorandum Opinion and Order, it will refrain from reciting it at length again here. *See,* ECF No. 26. Carter, an inmate currently at the Lawrence

Correctional Center, filed a petition for *habeas corpus* relief under 28 U.S.C. § 2254. In his petition, he challenged his 2002 conviction for first degree murder in the Circuit Court of Cook County (Illinois case number 00 CR 538803) on a number of grounds. This Court, however, rejected those arguments in its February 9, 2011 Opinion. ECF No. 26. In addition, the Court determined that there was no basis to issue a certificate of appealability. *Id.* at 24.

The Court heard nothing from Carter for more than two years after issuing its Opinion. Then, on May 31, 2013, Carter filed a "Notice of Appeal & Late Notice of Appeal," in which he claimed he wished to appeal the Court's ruling. ECF No. 27. Carter's explanation for why it took him two years to appeal the ruling was that he had not been notified of the Court's Order until March 22, 2013. *Id.* The Seventh Circuit ruled recently that the time for Petitioner to file his appeal had been equitably tolled, and as such, was not dismissing his appeal at this time. *Carter v. Hodge,* No. 13-2243, slip op. at 7 (7th Cir. Aug. 8, 2013).

Since filing his notice of appeal, Carter has also filed in this Court several motions, including: (1) a Motion to proceed *in forma pauperis* [ECF No. 29] which he renewed apparently after realizing he failed to include the necessary financial affidavit [ECF No. 37]; (2) a Motion for Appointment of Counsel [ECF No. 32]; (3) a "Motion for Appearance" to be allowed to appear for

hearings before the Seventh Circuit Court of Appeals [ECF No. 33]; (4) a Petition for a Certificate of Appealability [ECF No. 34]; and (5) a Motion for Transcripts of Proceedings [ECF No. 40]. Those motions are now before the Court.

## II. **ANALYSIS**

### A. **Petitioner's Motion for a Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253, a prisoner seeking appellate review of a district court's denial of a *habeas* petition must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner seeks a certificate of appealability "to pursue his appeal on the issues presented by his *habeas* petition, and by this Court's order denying the petition. . . ." Mot. for Cert. of Appealability at 5, ECF No. 34. However, the Court already denied Petitioner's request for a certificate of appealability in its February 9, 2011 Order. ECF No. 26 at 24. As the Court explained:

> Because this Court has denied Petitioner's *habeas* claims, it must also consider whether to issue a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases. This requires that the applicant make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). In order to make this showing, the applicant must show that reasonable jurists would find the district court's

hearings before the Seventh Circuit Court of Appeals [ECF No. 33]; (4) a Petition for a Certificate of Appealability [ECF No. 34]; and (5) a Motion for Transcripts of Proceedings [ECF No. 40]. Those motions are now before the Court.

## II. **ANALYSIS**

### A. **Petitioner's Motion for a Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253, a prisoner seeking appellate review of a district court's denial of a *habeas* petition must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner seeks a certificate of appealability "to pursue his appeal on the issues presented by his *habeas* petition, and by this Court's order denying the petition. . . ." Mot. for Cert. of Appealability at 5, ECF No. 34. However, the Court already denied Petitioner's request for a certificate of appealability in its February 9, 2011 Order. ECF No. 26 at 24. As the Court explained:

> Because this Court has denied Petitioner's *habeas* claims, it must also consider whether to issue a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases. This requires that the applicant make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). In order to make this showing, the applicant must show that reasonable jurists would find the district court's

hearings before the Seventh Circuit Court of Appeals [ECF No. 33]; (4) a Petition for a Certificate of Appealability [ECF No. 34]; and (5) a Motion for Transcripts of Proceedings [ECF No. 40]. Those motions are now before the Court.

## II. **ANALYSIS**

### A. **Petitioner's Motion for a Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253, a prisoner seeking appellate review of a district court's denial of a *habeas* petition must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner seeks a certificate of appealability "to pursue his appeal on the issues presented by his *habeas* petition, and by this Court's order denying the petition. . . ." Mot. for Cert. of Appealability at 5, ECF No. 34. However, the Court already denied Petitioner's request for a certificate of appealability in its February 9, 2011 Order. ECF No. 26 at 24. As the Court explained:

> Because this Court has denied Petitioner's *habeas* claims, it must also consider whether to issue a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases. This requires that the applicant make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). In order to make this showing, the applicant must show that reasonable jurists would find the district court's

> assessment of the constitutional claims to be debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court dismisses the petition on procedural grounds, it should issue a certificate of appealability when the prisoner shows: (1) that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right; and (2) that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484-85. For the reasons discussed herein, Carter cannot make the required showing as to either his procedurally defaulted claims or those resolved on the merits.

*Id.* To the extent that Petitioner's Motion for a Certificate of Appealability could be viewed as a motion for relief from an order pursuant to Federal Rule of Civil Procedure 60, it must be denied.

In its Opinion, the Court found that several of Petitioner's claims were procedurally defaulted. *See,* ECF No. 26 at 8-15. To overcome procedural default, Petitioner needed to establish cause-and-prejudice or show that a fundamental miscarriage of justice would occur if the Court did not consider his claims. *Perruquet v. Briley,* 390 F.3d 505, 514-15 (7th Cir. 2004). Plaintiff claimed that his counsel was ineffective, and sought to use his contention of actual innocence as a basis for that claim. As the Court explained, to use actual innocence as a gateway to present a defaulted claim, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of new evidence. ECF No. 26 at 11-12 (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). In his post-

conviction petition, Petitioner argued that his trial counsel was ineffective for failing to call exculpatory witnesses at trial. He presented several affidavits in support of his argument, including one from his co-defendant Stone, in which Stone took sole responsibility for the shooting and claimed it was self-defense. He presented another affidavit from potential witness named Jeremiah McReynolds ("McReynolds"), who claimed he only saw Stone firing a weapon, but who was never called to testify.

The Court found that despite these affidavits, Petitioner failed "to meet the heavy burden required to establish a claim of actual innocence." ECF No. 26 at 13 (citing *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003)). The Court found that the account of McReynolds would have merely been cumulative of Petitioner's defense at trial, where he argued that he was unarmed and did not shoot the victim. The Court also noted that the testimony of Stone supported that defense. However, the testimony of several other eyewitnesses supported Petitioner's conviction. In addition, the Court rejected, on the merits, Petitioner's claim that his counsel was ineffective for failing to call McReynolds, as Petitioner failed to overcome the presumption that his counsel's decision not to call McReynolds was reasonable, or that he was prejudiced by counsel's failure to call McReynolds. *See,* ECF No. 26 at 20-23.

The heart of Petitioner's motion is that the Court erred in concluding that Petitioner failed to establish that he was actually innocent of the murder of which he was convicted. His claim of actual innocence hinges on his argument that his counsel was ineffective for failing to call Stone and McReynolds on his behalf at trial. As described above, these were all arguments that Petitioner made in his *habeas* petition, and that this Court considered and rejected in its February 9, 2011 Opinion. *See,* ECF No. 26 at 10-15.

However, Petitioner argues that a certificate of appealability is warranted because reasonable jurists could disagree regarding his claim of actual innocence due to the exculpatory testimony of Stone and McReynolds. In support of this argument, Petitioner relies on Judge James Zagel's ruling in the *habeas* petition of another individual involved in the underlying shooting, Cortez Jones ("Jones"). There, Judge James Zagel indicated that a limited evidentiary hearing on Jones's actual innocence was warranted based on affidavits presented by Stone and McReynolds that included exculpatory statements. *See, Jones v. McKee*, No. 08 CV 4429, 2010 U.S. Dist. LEXIS 91099 at *35 (N.D. Ill. Sept. 2, 2010). The Petitioner argues that since Judge James Zagel found that Jones may have established the miscarriage of justice exception to procedural default through the Stone and McReynolds testimony that "reasonable jurists" have

now found it debatable whether the Court was correct in its procedural ruling. However, Petitioner's argument does not take into account significant differences between Jones's case and his own.

Petitioner's Motion fails because it does not acknowledge the fact that while Petitioner and Stone were tried together before a jury, Jones was tried and convicted separately in a bench trial. Thus, the circumstances confronting this Court in Petitioner's *habeas* petition are different from those Judge James Zagel encountered in Jones's petition. As Petitioner himself admits, Stone testified at his trial. In fact, Petitioner's counsel cross-examined Stone. Stone testified at trial that he believed he was acting in self-defense by shooting at Gardner after Gardner pulled out a gun. This testimony is consistent with Petitioner's asserted defense. Despite this testimony, Petitioner was convicted.

However, it appears Stone did not testify at Jones's trial and thus offered no such testimony in Jones's case. In addition, Judge James Zagel noted that unlike in the trial of Petitioner and Stone, none of the State's witnesses in Jones's trial made any mention of Stone firing any shots. *Jones,* 2010 U.S. Dist. LEXIS 91099 at *34. He found that "Stone's admission (and the corroborating affidavit by McReynolds), may make it more likely

than not that no reasonable juror would have convicted Jones. . . ." *Id.* at *35.

Because of the significant differences between Petitioner's case and Jones's case, and the evidence presented within them, the Court does not see its decision to deny Petitioner a certificate of appealability at odds with Judge James Zagel's conclusions in *Jones*. As such, the Court's ruling denying Petitioner a certificate of appealability stands.

### B. Motion to Proceed *In Forma Pauperis*

Petitioner seeks leave to appeal in *forma pauperis*. Under Federal Rule of Appellate Procedure 24, a party that wishes to appeal *in forma pauperis* must file a motion in the district court and attach an affidavit that shows: (1) the party's inability to pay; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal. FED. R. APP. P. 24(a). A party may not proceed *in forma pauperis* if the district court determines that the appeal "is not taken in good faith." 28 U.S.C. § 1915(a)(3).

While the Court has concluded that Petitioner has failed to make a substantial showing of the denial of a constitutional right warranting the issuance of a certificate of appealability that does not preclude the Court from granting his motion to proceed *in forma pauperis*. *Shotts v. Evans*, 2010 U.S. Dist.

LEXIS 39359 at *4. The standard governing the issuance of a certificate of appealability is higher than the standard for determining whether an appeal is in good faith for purposes of proceeding *in forma pauperis* on appeal. *Id.* (citing *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000)). To conclude that an appeal is in good faith, "a court need only find that a reasonable person could suppose that the appeal has some merit." *Id.* As such, an unsuccessful movant for relief can proceed *in forma pauperis* on appeal even after a district court has declined to issue a certificate of appealability. *Id.*

Petitioner has filed a motion pursuant to Federal Rule of Appellate Procedure 24 seeking leave to proceed *in forma pauperis*. His amended motion included the financial affidavit required under the Rule, and demonstrates that Petitioner does not have the financial means to pay court costs. While the Court believes that Petitioner's grounds for appeal lack merit, it cannot say that his appeal is taken in bad faith. As such, the Court grants Petitioner's Motion for leave to proceed *in forma pauperis* on appeal.

### C. Motion for Appointment of Counsel

Petitioner requests that the Court appoint counsel to represent him on appeal. There is no absolute right to appointment of counsel in *habeas* proceedings. *Vogt v. Rowe*, No.

78 C 3718, 1979 U.S. Dist. LEXIS 14982 at *9 (N.D. Ill. Jan. 18, 1979) Appointment of counsel in *habeas corpus* cases is "a power commended to the discretion of the district court in all but the most extraordinary circumstances." *Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997); *see also,* 18 U.S.C. § 3006A(a)(2)(B). The issues in Petitioner's *habeas* petition do not appear to be particularly complex. The pleadings he has filed thus far have been written competently and suggest he is capable of presenting his own case. As such, his Motion for Appointment of Counsel is denied. *See, United States ex rel. Mendez v. Pierson*, No. 00 C 7552, 2001 U.S. Dist. LEXIS 21499 at *7-8 (N.D. Ill. Dec. 27, 2001).

### D. "Motion for Appearance"

Petitioner moves pursuant to "Rule 12 of the Seventh Circuit Practice Rules . . . [t]o be allowed to appear for any and all hearings, etc." ECF No. 33. The Court is uncertain as to what rule Petitioner is referencing, but as there will be no hearings before this Court in this matter, the Motion is denied.

### E. "Motion for Transcripts of Proceedings"

Petitioner filed another Motion pursuant to Federal Rule of Appellate Procedure 10(b) requesting "any transcripts of proceedings concerning petition for *habeas corpus* relief case number 10 C 3783 so I can file a transcript information sheet."

ECF No. 40 at 1. It appears that Petitioner contacted the Seventh Circuit Court of Appeals seeking such transcripts, and the Clerk directed him to file his Motion before this Court instead. As the Seventh Circuit Clerk noted, there are no transcripts on this Court's docket regarding Petitioner's case. As such, his Motion is denied.

### III. CONCLUSION

For the reasons stated herein, the Court rules as follows:

1. Petitioner's Motion for Leave to Appeal *in forma pauperis,* ECF No. 37, is granted (his prior *in forma pauperis* motion, ECF No. 29, is denied as moot);

2. Petitioner's Motion for Appointment of Counsel, ECF No. 32, is denied;

3. Petitioner's "Motion for Appearance," ECF No. 33, is denied;

4. Petitioner's Motion for a Certificate of Appealability, ECF No. 34, is denied; and

5. Petitioner's "Motion for Transcripts of Proceedings," ECF No. 40, is denied.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: September 9, 2013